[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11526
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60165-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD GAINES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Howard Gaines appeals his concurrent 60-month sentence for one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, and 96-month sentences on two counts of mail fraud, in violation of 18 U.S.C. § 1341, and the imposition of a $15,000 fine. Gaines argues that: (1) the district court clearly erred in assigning him a two-level enhancement for an aggravating role under § 3B1.1(c) of the Guidelines, asserting instead that he was entitled to a reduction for a minor role under § 3B1.2(b); (2) the district court clearly erred in assigning him a two-level enhancement under § 2B1.1(b)(9)(C) of the Guidelines after finding that the offense involved sophisticated means; (3) his sentence is unreasonable because, among other things, the court improperly weighed the 18 U.S.C. § 3553(a) factors, his sentence created unwarranted sentencing disparities among co-defendants, and his sentence was greater than necessary given the facts of the case; and (4) the district court plainly erred in imposing a $15,000 fine.

## I. AGGRAVATING ROLE ENHANCEMENT

We review the district court's determination of a defendant's role in the offense for clear error and the court's application of the Guidelines to that role *de novo*. *United States v. Njau*, 386 F.3d 1039, 1041 (11th Cir. 2004). Under the clear error standard, "we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed."

2

*United States v. Clarke*, 562 F.3d 1158, 1165 (11th Cir. 2009), *cert. denied*, 130 S.

Ct. 809 (2009) (internal quotation marks omitted).

Section 3B1.1(c) of the Guidelines provides that a two-level enhancement,

rather than a three- or four-level enhancement, applies "[i]f the defendant was an

organizer, leader, manager, or supervisor in any criminal activity," and the criminal

activity did not involve five or more participants and was not otherwise extensive.

U.S.S.G. § 3B1.1(c). The commentary explains that "[t]o qualify for an adjustment

under this section, the defendant must have been the organizer, leader, manager, or

supervisor of one or more other participants." *Id.*, comment. (n.2). A "participant"

is described as "a person who is criminally responsible for the commission of the

offense, but need not have been convicted." *Id.*, comment. (n.1). "The assertion of

control or influence over only one individual is sufficient to support the role

enhancement." *United States v. Mandhai*, 375 F.3d 1243, 1248 (11th Cir. 2004).

The district court did not clearly err in finding that Gaines was a supervisor

or manager of at least one participant in the conspiracy. In his brief, Gaines

concedes that Angela Manalaysay, an employee of Gaines' title company, was

aware of and facilitated the fraudulent conduct. Sufficient evidence exists to

support the conclusion that Gaines supervised Manalaysay's participation in the

scheme. Gaines argues that there is no evidence that he recruited accomplices, that

he did not receive a larger share of the fruits of the crime, and that he did not plan

or organize Dehaney's larger mortgage fraud scheme. Those questions, however,

are most relevant to deciding whether Gaines played the more responsible role of

an organizer or a leader as opposed to a manager or a supervisor, not whether he

was a supervisor at all. *See* U.S.S.G. § 3B1.1 comment. (n.4). Accordingly, the

district court did not clearly err by applying the two-level aggravated-role

enhancement under § 3B1.1(c).[1]

## II. SOPHISTICATED MEANS ENHANCEMENT

Section 2B1.1 of the Guidelines provides that a two-level enhancement

applies if the offense involved "sophisticated means." U.S.S.G. § 2B1.1(b)(9)(C).

The commentary describes "sophisticated means" as "especially complex or

especially intricate offense conduct pertaining to the execution or concealment of

an offense," including "[c]onduct such as hiding assets or transactions, or both,

through the use of fictitious entities, corporate shells, or offshore financial

accounts." U.S.S.G. § 2B1.1, comment. (n.8(B)). We have held, however, that a

defendant need not use offshore bank accounts or conduct transactions through

fictitious entities in order for the enhancement to apply and that there is no material

---

[1] Given that Gaines qualifies for an aggravating role enhancement, the decision to deny Gaines' requested reduction for a minor participant role was not clear error. We note that even in the absence of the aggravating role enhancement, Gaines was not a minor participant under the facts of the case.

4

difference between concealing income and transactions through the use of third-party accounts and using a corporate shell or a fictitious entity to hide assets. *See Clarke*, 562 F.3d at 1165-66.[2]  In any case, the examples of conduct that generally constitutes sophisticated means set forth in the commentary are nonexclusive.  *See* U.S.S.G. § 2B1.1, comment. (n.8(B)).  We have also recognized that "[t]here is no requirement that each of a defendant's individual actions be sophisticated in order to impose the enhancement.  Rather, it is sufficient if the totality of the scheme was sophisticated." *United States v. Ghertler*, No. 09-10609, slip op. at 21 (11th Cir. May 14, 2010).

The district court did not clearly err in finding that Gaines' offense involved sophisticated means.  The evidence shows that Gaines' title company prematurely released lender's funds from escrow or other special accounts so that those funds could be converted into cashier's checks that were then used to represent the borrower's funds at closing.  The structure of the scheme concealed the fact that the purported "borrower's funds" recorded on the HUD-1 form were actually funds prematurely released from the escrow accounts and not the actual borrower's funds.  Gaines argues that the scheme was not sophisticated because the

---

[2] Although *Clarke* involved the enhancement for sophisticated means under the tax offense guideline, § 2T1.1(b)(2), that enhancement is essentially indistinguishable from the § 2B1.1(b)(9) enhancement.  *Compare* § 2T1.1(b)(2), comment. (n.4), *with* § 2B1.1(b)(9), comment. (n.8).

government was able to recreate the transactions through his title company's internal records. That the government was eventually able to recreate and map the transactions does not mean the scheme was not sophisticated. The scheme at issue here still concealed the fraudulent transactions from a normal inspection of the HUD-1 forms or the escrow accounts. Therefore, the decision to apply a two-level enhancement under § 2B1.1(b)(9)(C) was not clear error and is due to be affirmed.

### III. REASONABLENESS OF GAINES' SENTENCE

The reasonableness of a sentence is reviewed for an abuse of discretion. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We employ a two-step process, reviewing first for procedural error, and if no procedural error is found, then examining whether the sentence is substantively reasonable under the totality of the circumstances. *Id.*

A district court commits procedural error where, among other things, it miscalculates the advisory guideline range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. *Id.* A district court is not required to explicitly discuss each of the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in

section 3553(a) is sufficient under [*United States v. Booker*, 543 U.S. 220, 125 S.

Ct. 738, 160 L. Ed. 2d 621 (2005)]." *Id.*

When challenging the substantive reasonableness of a sentence, the party

challenging the sentence has the burden of establishing unreasonableness in light

of the record and the § 3553(a) factors.[3] *Id*. at 788. A sentence is substantively

unreasonable "if it does not achieve the purposes of sentencing stated in

§ 3553(a)." *Pugh*, 515 F.3d at 1191 (internal quotation marks omitted). "The

weight to be accorded any given § 3553(a) factor is a matter committed to the

sound discretion of the district court," and this Court "will not substitute [its]

judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d

823, 832 (11th Cir. 2007) (internal quotation marks omitted). In this Circuit, we

apply no presumption as to the reasonableness of a sentence within the Guidelines

range, but we have noted that "ordinarily we would expect a sentence within the

Guidelines range to be reasonable." *Talley*, 431 F.3d at 788. We will remand for

---

[3] Section 3553(a) directs courts to consider the following factors when determining an appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the guideline range and the pertinent policy statements of the Sentencing Commission; (4) the need to avoid unwarranted sentencing disparities, and (5) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). In addition, the sentence must be sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) deter criminal conduct, (5) protect the public from future crimes of the defendant, and (6) provide the defendant with needed educational or vocational training or medical care. *Id.* § 3553(a)(2).

resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (internal quotation marks omitted).

Gaines has failed to demonstrate this his sentence is unreasonable. We first note that although Gaines' mentions both procedural and substantive unreasonableness in his brief, he only goes on to specifically challenge the substantive reasonableness of his sentence.[4] Therefore, we will only discuss the substantive reasonableness of his sentence. On that front, Gaines argues that the district court improperly weighed the § 3553(a) factors, that his sentence created unwarranted sentencing disparities among similarly situated defendants, and that his sentence was greater than necessary given the facts of the case or, phrased another way, that his within-range sentence was outside the range of reasonable sentences under the circumstances.

Gaines argues that the district court improperly focused on the overall mortgage crisis and allowed that factor to outweigh all others. That contention is

---

[4] To the extent that Gaines' challenges to the aggravating role and sophisticated means enhancements are challenges to the procedural reasonableness of his sentence based on an improper Guidelines calculation, such a challenge would fail because the enhancements were not clearly erroneous.

8

not supported by the record. While the district court did mention the national mortgage crisis in connection with the seriousness of Gaines' particular offense, it did not seek to punish him for the entirety of the nation's economic troubles, nor did it fixate on this factor to the exclusion of others. Instead, the record indicates that the district court considered Gaines' history and characteristics, including his beneficial contributions to the community. The district court also considered the need to impose a sentence that would afford adequate deterrence. Nothing in the record indicates that the district court abused its considerable discretion in weighing these factors.

Gaines next argues that his sentence creates unwarranted sentencing disparities as measured against his co-defendants. We disagree. There is no unwarranted disparity when a cooperating defendant pleads guilty and receives a lesser sentence than a defendant who proceeds to trial, even if that sentence is "substantially shorter." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009), *cert. denied*, __ S. Ct. __, 2010 WL 1265898 (Apr. 5, 2010). Gaines' co-defendants pleaded guilty to various charges; thus, they are not similarly situated to him. *See id.* Because Gaines is not similarly situated to his co-defendants, any disparity between his sentence and the sentences of his co-defendants does not

result in an unwarranted disparity between similarly situated defendants.[5]

Gaines next challenges the testimony of Tafur and Crowder at his sentencing hearing. Although it is unclear from the record precisely what role this testimony played in setting Gaines' sentence, it was within the district court's discretion to hear such testimony and evaluate the witnesses' credibility as it related to Gaines' history and characteristics.[6]

Gaines finally argues that given his age, lack of criminal history, and the facts of the case, his eight year sentence does not satisfy the aim of crafting a sentence which is sufficient, but not greater than necessary for the circumstances. We disagree. First, Gaines' lack of criminal history is accounted for in his Guidelines calculation.[7] Second, the district court explicitly considered Gaines' background and personal characteristics in conjunction with other relevant factors found in § 3553(a) and found that an eight year sentence was sufficient, but not greater than necessary under the circumstances. Nothing in the record indicates

---

[5] We further note that the record is not sufficiently developed to determine whether Crowder is, as Gaines urges, a similarly situated individual against which his sentence should be measured. Both parties' briefs, however, indicate that Crowder pleaded guilty in an entirely separate bank fraud case. Thus, all indications are that Crowder is also not similarly situated to Gaines.

[6] In any event, even disregarding the testimony of Tafur and Crowder, Gaines has failed to prove that his sentence is substantively unreasonable in light of the facts of the case.

[7] Moreover, under the Guidelines, age is not ordinarily a relevant ground for departure. U.S.S.G. § 5H1.1.

that the district court abused its discretion in reaching that determination.

Accordingly, Gaines has failed to establish that his 96-month total term of imprisonment is substantively unreasonable.

## IV. IMPOSITION OF A FINE

When a defendant fails to object to the imposition of a fine at the sentencing hearing, "we review the court's decision for plain error, and will upset the decision only if disregarding the error would result in manifest injustice." *United States v. Hernandez*, 160 F.3d 661, 665 (11th Cir. 1998) (internal quotation marks omitted).

Pursuant to U.S.S.G. § 5E1.2(a), "the court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." In determining the amount of the fine, U.S.S.G. §5E1.2(d) lists several factors the court should consider, and the record should reflect that the court considered the factors prior to imposing the fine. *Hernandez*, 160 F.3d at 665-66.

Gaines argues that the district court erred by imposing a fine when the PSI concluded that he did not have the ability to pay a fine. Gaines, however, did not object to the imposition of a fine at sentencing; thus, our review is for plain error. That the PSI concluded that Gaines was unable to pay a fine is not determinative of the matter. *See id.* (upholding imposition of a fine when the PSI concluded that

11

defendant did not have ability to pay fine). As in *Hernandez*, the record suggests that Gaines would be able to pay a $15,000 fine. The conclusion in the PSI that Gaines would be unable to pay a fine appears to be based on the fact that his expenses for child support and his children's education currently exceeds his rental income. According to the PSI, however, Gaines also possesses cash and unencumbered assets valued at over $1,100,000. The PSI also lists capital gains and losses for tax years 2003-2007, but does not account for the value of securities held. The PSI also indicates that Gaines received roughly $20,000 in dividends for each of those years. And although the PSI notes that Gaines was only currently receiving $2,200 per month from rent, it also lists mortgage receivables totaling $528,000. Under those circumstances, we cannot say that the imposition of a $15,000 fine in addition to required restitution will result in manifest injustice.

## V. CONCLUSION

In light of the foregoing, we affirm the district court in all respects.

**AFFIRMED.**[8]

---

[8] Appellant's request for oral argument is denied.